**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No.  13-cr-00477-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     JEROLD R. SORENSEN,

      Defendant.

_____

**ORDER DENYING MOTION (ECF NO. 4)**
_____

THIS MATTER is before the Court on Defendant Jerold R. Sorensen's Motion to

Dismiss for Improper Venue or, in the alternative, to Transfer the Case to the United States

District Court for the Eastern District of California (ECF No. 4).  The Court held a hearing on

January 17, 2014, where counsel presented oral argument and additional facts for consideration

which the parties represented are largely undisputed.  In addition, as allowed by the Court, on

January 24, 2014, Defendant submitted *in camera* a supplement identifying potential defense

witnesses located in California.  Upon consideration of the Motion and the Court's file, argument

of counsel, and the applicable law, the Motion is denied for the reasons stated herein.

**I.  BACKGROUND**

A two count indictment was returned against Defendant in Denver, Colorado but he

resides in Fresno, California, thereby prompting the motion before this Court.  Count 1 of the

indictment charges that Defendant "in the State and District of Colorado and elsewhere" did

"corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws,

and did aid and abet the same," in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2. Here, Defendant, a dentist and oral surgeon, is alleged to have retained the services of E.M.S., an attorney in Denver, Colorado, to assist with a tax avoidance scheme. Among other things, Defendant and E.M.S. opened an account at a Colorado bank under the name of Northside Management, an unincorporated business organization with a Colorado address, where both had signatory authority. Defendant is asserted to have used Northside, along with fictitious entities called Pure Trust Organizations ("PTOs"), to hide his income and assets by, for example, issuing checks from his dental practice's account payable to the PTOs (and deducting such payments on his business's federal income tax returns), and by having his renters issue checks payable to the PTOs (and avoid the appearance of income to him). The checks to the PTOs were mailed to Colorado and deposited into the Northside account, where the funds were then used to pay Defendant's personal expenses in California and Utah. Defendant paid for E.M.S.'s assistance through cash payments mailed to Colorado.

Count 2 of the indictment charges that Defendant "in the State and District of Colorado and elsewhere" "corruptly endeavored to influence, obstruct, and impeded the due administration of justice," in violation of 18 U.S.C. § 1503. Essentially, Defendant is alleged to have attempted to obstruct a federal criminal investigation in Colorado by mailing, or causing to be mailed, various documents to Colorado. Defendant is also charged with locking his California office to prevent entry by IRS Special Agents who were attempting to serve Defendant with orders to compel production of documents requested in earlier grand jury subpoenas, and with failing to comply with such orders, which were issued by Judge John L. Kane of this District.

## II.  ANALYSIS

### A.  Venue in the District of Colorado.

"The defendant's right to proper venue has explicit constitutional roots in Article III, § 2, cl. 3, which 'requires that the trial of any crime be held in the state in which the crime was committed,' and in the Sixth Amendment, which guarantees trial by 'a jury of the state and district in which the crime was committed.'" *United States v. Miller,* 111 F.3d 747, 749 (10th Cir. 1997) (citation omitted).  Such requirements are addressed in Fed.R.Crim.P. 18, which provides that, unless a statute or the Federal Rules of Criminal Procedure provide otherwise, an offense must be prosecuted in "a district where the offense was committed."  The burden is on the government to prove venue is proper by a preponderance of the evidence.  *United States v. Miller, supra* at 749-750.  That burden applies to each count in the indictment.  *United States v. Davis,* 689 F.3d 179, 185 (2d Cir. 2012); *United States v. Blechman,* 782 F.Supp.2d 1238, 1245 (D.Kan. 2011).

### 1.  Venue under Count 1.

Pursuant to 18 U.S.C. § 3237(a), except as otherwise provided by Congress, "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."  Here, the charge is corruptly endeavoring to obstruct and impede the administration of the Internal Revenue laws by hiding income and assets.  As charged, Defendant's endeavor to obstruct arguably began in California but then continued into Colorado with the engagement of E.M.S., the opening of the Northside bank account, and the subsequent transfers into and out of such account.  Accordingly, the offense may be prosecuted in the District of Colorado.

Defendant argues there is a difference between *endeavoring* to obstruct justice and *obstructing* justice. This Court agrees a distinction exists but finds the cases Defendant relies on do not support the conclusion that his endeavor was one which was begun and completed – or occurred – solely in California.

For example, Defendant relies on the concurring opinion in *United States v. Swann*, 441 F.2d 1053 (D.C.Cir. 1971), which concurred with the reversal of defendant's conviction in the District of Columbia, because the offense was begun, carried out and completed in Maryland as that was where defendant injured and endeavored to influence the witness by shooting her, even though she was a witness in proceedings in the District of Columbia. Similarly, in *United States v. Marsh,* 144 F.3d 1229 (9th Cir. 1998), the Ninth Circuit set aside defendants' convictions in the Northern District of California for corruptly endeavoring to obstruct the administration of the income tax laws by filing liens in Nevada and Washington, against government officers located in the Northern and Eastern Districts of California. That court stated "the crime of endeavoring to impede the IRS is complete when the endeavor is made. . . . No effect need be proved. The filing of the lien is the crime." *Id.* at 1242.

Unlike *Swann* and *Marsh*, in this case the endeavor charged was not a single act, *e.g.*, the shooting of a witness or the filing of liens, which began and was completed in one district. Instead, as stated in Count 1, Defendant's endeavor to obstruct consisted of an interrelated series of acts taken in California and Colorado. As stated by the court in *United States v. Strawberry*, 892 F.Supp. 519 (S.D.N.Y. 1995), upon which the government relies, the offense of "attempt to evade" tax can occur over time and in more than one judicial district and, therefore, be a "continuing offense" within the meaning of 18 U.S.C. § 3237(a). *Id.* at 521. This statement is equally true for the offense of "endeavoring" to obstruct.

4

Moreover, the government's potential reliance on 18 U.S.C. § 2 further supports the propriety of a determination that venue lies in this District.  If, as the indictment alleges, Defendant aided and abetted the endeavor to obstruct the due administration of the Internal Revenue laws, then he is exposed to prosecution in this District on the basis of that relationship. "[A]n aider and abettor may be punished as a principal, and hence he may be punished in the same district as the principal."  *United States v. Jackson*, 482 F.2d 1167, 1179 (10th Cir. 1973). Defendant does not contend that venue as against E.M.S. would be improper in this District.  She is undisputedly a Denver attorney with an office in Colorado and whose related criminal case is pending in the District of Colorado.

Accordingly, venue is proper for Count 1.  In light of this finding, the Court need not address the government's contention that venue is also proper under Section 3237(a) based on Defendant's use of the mail.

### 2.  Venue under Count 2.

Count 2 charges a violation of 18 U.S.C. § 1503.  Under 18 U.S.C. § 1512(i), prosecutions under 18 U.S.C. § 1503 may be brought in the district in which the official proceeding was intended to be affected or in which the conduct constituting the alleged offense occurred.  In this case, Count 2 charges Defendant with endeavoring to influence, obstruct and impede the administration of justice through actions directed at or intended to affect the federal grand jury investigation in the District of Colorado.  Accordingly, venue is also proper for Count 2.  *See U.S. v. Allen,* 24 F.3d 1180, 1183 (10th Cir. 1994) (venue proper in Colorado where affected prosecution was Colorado investigation).

5

**B.  Transferring Venue under Rule 21(b), Fed.R.Crim.P.**

The proper venue for criminal actions is usually in the district in which the offense was committed.  Fed.R.Crim.P. 18.  Rule 21(b) of the Federal Rules of Criminal Procedure provides that the court may transfer a proceeding, or one or more counts, to "another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."  Whether to grant a motion for change of venue rests within the sound discretion of the trial judge.  *United States v. Calabrese*, 645 F.2d 1379, 1384 (10th Cir. 1981).  The burden is on the defendant to justify a transfer of venue.  *In re United States*, 273 F.3d 380, 388 (3rd Cir. 2001); *see* 2 Charles A. Wright et al., Federal Practice and Procedure § 345 (4th ed. 2013) (proper to require defendant, as moving party, to carry burden of showing why transfer would serve purposes specified in Rule 21).  In deciding whether venue should be transferred, the factors set forth in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964), discussed below, are considered.  *See United States v. Williams,* 897 F.2d 1034, 1037 (10th Cir. 1990).

       *1.  Location of Defendant.*

Defendant is located in Fresno, California and runs a dental practice there with his son.  The Supreme Court in *Platt* noted that criminal defendants have no constitutional based right to a trial in their home districts, and the defendant's home has no independent significance in determining whether a transfer would be in the interest of justice, but may be considered with reference to the other factors.  *Platt, supra* at 245-246.  Nonetheless, this factor is to be considered and weighs in favor of a transfer to the Eastern District of California.

       *2.  Location of Possible Witnesses.*

Defendant asserts his son, character witnesses, and a sheriff or officer from the Fresno police department are material witnesses who reside in California.  Defendant's *in camera*

submission identifies additional witnesses in California and explains the significance of his witnesses' testimony to his defense.  The government asserts that the majority of the witnesses on both sides are either in Colorado or more conveniently located to Colorado than California. The government's identified witnesses are located in Colorado, California, Georgia, Utah, and the Virgin Islands, but the majority are located in either Colorado or California.  In considering the government's witnesses, the Court has discounted some of its numbers in light of their duplicity, *e.g.*, the government contends there are ten IRS agents who are witnesses regarding the search warrant for E.M.S.'s house.

The parties have shown material witnesses reside in Colorado and California, but have not shown that any such witnesses would be *unavailable* should the case be heard in one district rather than another district.  Certainly, some inconvenience would be experienced by whichever witnesses must travel.  The Court takes judicial notice that Denver International Airport is one of the busiest and largest airports in the United States and, therefore, travel to Colorado may be more convenient for a few government witnesses located outside of California and Colorado. Nonetheless, in light of the availability and accessibility of modern transportation, traveling to the Eastern District of California would not be unduly inconvenient for such witnesses. Concomitantly, travel to Colorado for defense witnesses in California would not be unduly inconvenient.  Accordingly, this factor is neutral.

   3.   *Location of Events Likely to be in Issue.*

Defendant contends he never set foot in Colorado before the prosecution of this case, the events charged occurred in California for it was where he engaged in the actions that are charged as crimes, and it was E.M.S. who decided to set up bank accounts in Colorado.  The government contends the purpose of this factor is to vindicate the interests of the people of the district where

the crime occurred – Colorado.  As the Court has found, the events at issue in Count 1 occurred

in California and Colorado, *e.g.*, there was the opening of a Colorado bank account and the

transfer of funds into and out of such Colorado account.  Defendant's position that it was E.M.S.

who set up a bank account in Colorado is not well taken when it was Defendant who sought out

E.M.S. in Colorado in the first instance.  And, as to the endeavor to obstruct justice charged in

Count 2, the investigation was a Colorado matter and Defendant is alleged to have sent items

into this District to obstruct that investigation.  On balance, considering the events at issue, this

factor tilts against a transfer.

> ### 4.   *Location of Documents and Records Likely to be Involved.*

In light of the availability of electronic documents and records, this factor is neutral.   *See*

*United States v. Young,* Case No. 2:12-cr-502, 2012 WL 5397185, at *4 (D.Utah Nov. 5, 2012).

Neither party disagrees.

> ### 5.   *Disruption of Defendant's Business Unless the Case is Transferred.*

"Inconvenience to the defendant or his business is not, by itself, a sufficient basis for

transfer of venue." *United States v. Young, supra* at *4 (quotation marks omitted).   Moreover,

"[i]nconvenience to the parties is an inherent part of any trial," *U.S. v. McDonald,* 740 F.Supp.

757, 763 (D.Alaska 1990), and modern technology allows business to be conducted from afar

electronically.  *United States v. Young, supra* at *4.  Some courts have found this factor may

weigh in favor of a transfer, however, if a business is on the brink of collapse and depends to a

large degree on personal involvement.  *Id.*

Here, Defendant contends trial in Colorado would have a material adverse effect on his

dental practice; his son is unable to cover while Defendant is away; and if there is a two-week

trial, he would not be in his clinic on the weekends as he is 73 years old and unable to fly back

and forth.  The Court finds Defendant's business would be disrupted regardless of whether the case is heard in California or Colorado.  The Court expresses no opinion on whether a business must be on the brink of collapse in order to favor a transfer, but recognizes that Defendant's business does depend on personal involvement which is proper for consideration.  However, even assuming Defendant may not be able to perform services on patients on nights and weekends while in Colorado, in this electronic age, Defendant is nonetheless not precluded from otherwise managing his business.  Nonetheless, on balance, this factor weighs slightly in favor of Defendant as the Court would acknowledge at least theoretical treatment of patients on nights and weekends if Defendant were in his home venue.

        6.   *Expense to the Parties.*

Every criminal prosecution imposes expenses on defendants; therefore, a defendant "must show more than the normal inconvenience and burdens associated with trial to justify transfer."  *United States v. Young, supra* at *5.  He must show he has insufficient funds to provide for his defense if the case is not transferred.  *Id.*  Defendant asserts it would be cheaper for him to undergo trial where he resides, in light of the costs of travel and accommodations.  Defendant also contends, in a conclusory manner, that Denver is expensive while Fresno is inexpensive.   Not surprisingly, the government contends it will incur greater expenses if trial is held in California.

Defendant's argument that he is a man of "relatively modest means" justifying a transfer is belied by his retention of two lawyers in Texas and one in Colorado, all of whom appeared at the hearing, and by his assertion that he was looking for estate planning when he contacted E.M.S.  Further, Defendant did not dispute the government's representations concerning his income and assets, such as the purchase of two homes in Utah, an office building and several

cars.  On the other hand, the government attorneys familiar with this case are located in

Colorado, and even if they have access to government offices in California and government

funding, they would nonetheless incur additional expenses to travel to California.  On this

record, a transfer would merely shift some expense from one party to another, which would not

justify weighing this factor in Defendant's favor.  Therefore, this factor is neutral.

    *7.  Location of Counsel.*

  Defendant's lawyers are located in Texas and Colorado.  The government's attorneys are

located in Colorado.  In light of these facts, the Court is not persuaded by Defendant's argument

that his counsel are willing to be inconvenienced in California or that government lawyers should

be "at home" anywhere in which a federal court sits.  Accordingly, this factor weighs against

transfer.

    *8.  Relative Accessibility of Place of Trial.*

  As this Court has already stated, the majority of witnesses are in California and Colorado,

and Denver is relatively accessible.  Defendant argues there is no merit to the government's

contention that Fresno has a smaller airport and it would be less accessible for witnesses in terms

of time and expense.  Yet, Defendant offers little information for the Court to access this factor,

merely concluding this factor is neutral.  In light of the information before the Court, Defendant

has not shown this factor weighs in favor of a transfer.

    *9.  Docket Condition of each District or Division Involved.*

  Defendant did not address the docket condition and thus has not shown this factor weighs

in favor of a transfer.  The government submitted statistics which, at least facially, indicate that

disposition of criminal felonies from filing to disposition is 8.8 months in Colorado and 14.4

months in the Eastern District of California.  Accordingly, on this record, this factor weighs against transfer.

*10. Any Other Special Elements Which Might Affect the Transfer.*

Defendant argues he is 73 years old, has never set foot in Colorado, has no connections to Colorado but for E.M.S., and this is a tax matter which should be prosecuted where he resides. The Court is not persuaded.  Defendant's age, without more, is not a factor which would weigh in favor of a transfer in light of his contention that he works daily and on weekends.  Further, it is Defendant's very connections to E.M.S. and the bank account set up in Colorado which are what the government contends is the lynchpin to the crimes charged.  Finally, Congress did specifically provide that certain offenses under the Internal Revenue Code may allow a defendant to elect to be prosecuted where he resides but the offenses charged here are not among them.  Accordingly, these factors do not weigh in favor of a transfer.

The overall score keeping aspects of the *Platt* factors aside, Defendant has simply not come forward with enough to persuade the Court to exercise its discretion in favor of a transfer. The indictment alleges at a minimum a disregard of Colorado court orders, attempts to intimidate agents with a Colorado grand jury, and an endeavor to obstruct that grand jury itself.  This alone presents a substantial Colorado interest in having the matter heard in this District.  Moreover, much of what Defendant puts forward as matters of inconvenience or cost are dependent upon an assumption that Defendant made no effort to substantiate – that a transfer to the Eastern District of California would automatically result in the matter being heard in Fresno as opposed to other divisions located in Sacramento, Redding, Bakersfield or Yosemite, California.[1]  And, even

---

[1] The Court recognizes that, according to the website for the United States District Court for the Eastern District of California, the Fresno Division hears actions "arising in the counties of" Fresno and other counties.  Defendant has not shown that, where an action is transferred for convenience – rather than because that is where the action "arises" – it would be transferred to where Defendant resides.

where not dependent on this assumption, Defendant's inconvenience is often more of a matter of mere degrees than the absence of the factor if the matter were to be transferred.  Examples include the cost to Texas counsel for travel to and lodging in Denver as opposed to Fresno, and Defendant's inability to work during trial in Denver versus Fresno.  Ultimately, there is nothing about such degrees of difference which, in the Court's mind, overcomes Colorado's compelling interest in having this matter heard here.

### III.  CONCLUSION

In summary, based on the foregoing, the government has established venue is proper for the Counts charged.  Defendant has not, however, met his burden of showing that transfer from this District to the Eastern District of California is warranted for the convenience of parties and witnesses, and in the interest of justice, as required under Fed.R.Crim.P 21(b).  It is therefore

ORDERED that Defendant's Motion to Dismiss for Improper Venue or, in the alternative, to Transfer the Case to the United States District Court for the Eastern District of California (ECF No. 4) is hereby DENIED.

DATED this 14th day of February, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge