**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Criminal Case No. 13-cr-00477-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    JEROLD R. SORENSEN,

    Defendant.

---

**ORDER REGARDING *IN CAMERA* REVIEW**

---

THIS MATTER comes before the Court on an *in camera* review of the Special Agent's Report ("SAR") in this matter. The request for the production of SAR was originally made in Defendant's Motion for Production of Special Agent's Report (ECF No. 27). This motion simply requested that the Court order production of the SAR or, alternatively, conduct an *in camera* review thereof. The Government responded that the SAR is not ordinarily discoverable under Rule 16, that no *Brady* material is included therein, and that it was producing (now has produced) limited portions of the SAR as *Jencks* material in connection with the anticipated testimony of Special Agent Hagemann. The Government conceded, however, that *in camera* review may be required under applicable Circuit law.

The Court has received the SAR and reviewed it. The Court has also received and reviewed *in camera* additional items including a summary of the anticipated testimony of Special Agent Hagemann, a copy of those portions of the SAR provided to the Defendant as *Jencks* material, and other data which permits the Court to determine what exhibits or schedules referenced in the SAR have been produced or made available to Defendant. The Court has also

received and reviewed *in camera* Defendant's view of potentially exculpatory material that may be contained in the SAR.

Having reviewed and been informed by all of the above, as well as by the public pleadings in this matter (ECF Nos. 27, 35 and 39), and by the arguments of the parties at the April 25, 2014 motions hearing, the Court finds and concludes that the Government's limited disclosure is essentially correct.  The Court does not find that the SAR contains materials which the Court construes as *Brady*.  Additionally, based on the proffer of the anticipated testimony of Special Agent Hagemann, the Court finds that the limited *Jencks* production made to date is largely correct.  Nonetheless, based on its *in camera* review, the Court has determined that three (3) additional sentences should be produced.  These additional sentences are located as follows:

(1) SAR, p. 7, first sentence of the last paragraph on the page.  This sentence is contained within a portion redacted prior to disclosure to Defendant.

(2) SAR, p. 8, first two (2) sentences of the second to last paragraph on the page.  This paragraph begins with the word "It."

Nothing in this Order relieves or discharges the Government's independent obligations under *Brady, Jencks* or their progeny.

The additional materials referenced above shall be provided or made available to Defendant by close of business on May 19, 2014.

Dated this 15th day of May, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge